# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| JOHN FRANCIS ERMI AND ) | CASE NO. 06-60167 |
| PATRICIA ANN ERMI, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF DECISION** |
| ) | **(WRITTEN OPINION)** |
| ) | |

On June 13, 2006, Creditor DaimlerChrysler Financial Services Americas, LLC sbmt DaimlerChrysler Services North America LLC (hereafter "DaimlerChrysler") filed a "Motion for Entry of Order Confirming Termination of Automatic Stay Pursuant to 11 U.S.C. § 362(j)." Through the motion, DaimlerChrysler seeks what is commonly referred to as a "comfort order" to confirm the termination of the automatic stay. No objections or responses to the motion were filed.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND AND FACTS

Debtors filed a joint Chapter 7 bankruptcy case on February 17, 2006. On Schedule G, Debtors identified their interest in a lease on a 2005 Dodge Caravan. Although Debtors failed to indicate their intention with regard to the lease in their original filing, Debtors amended their schedules and statement of intention on April 20, 2006 and indicated their intent to assume the lease pursuant to 11 U.S.C. § 362(h)(1)(A).

The relief sought by DaimlerChrysler is based on the following statements taken from the motion:

> Comes DaimlerChrysler . . . and requests the court to enter an Order Confirming Termination of the Automatic Stay pursuant to 11 U.S.C. §362(j).

\* \* \* \* \*

3. This Motion is made pursuant to 11 U.S.C. §362(h).

WHEREFORE: Creditor respectfully request the Court to enter the attached Order Confirming that the Automatic Stay of 11 U.S.C. §362 has been terminated, by operation of law, pursuant to 11 U.S.C. §521(a)(2) and 362(h).

## LAW AND ANALYSIS

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter "BAPCPA") contained several amendments and additions to the automatic stay provisions set forth in 11 U.S.C. § 362. One of the additions was section 362(h) which provides, in applicable part:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> > (A) to timely file any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
> >
> > (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking such action, unless such statement specified the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

In accordance with this section, the automatic stay terminates upon a debtor's failure timely file a statement of intention and following through, in a timely manner, on the stated intention.

DaimlerChrysler seeks a comfort order from the court confirming that the stay terminated because Debtors failed to fulfill their obligations under 11 U.S.C. § 362(h).

Comfort orders are a mechanism by which a creditor seeks to protect itself from the potential ramifications of acting in violation of the automatic stay by obtaining a cloak of cover from the court. BAPCPA added a provision, 11 U.S.C. § 362(j), and upon which DaimlerChrysler's motion is based, which approves the use of comfort orders. Section 362(j) provides:

> (j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

The result, in situations where subsection (j) is applicable, is that the court is mandated to provide a comfort order.

By its terms, subsection (j) specifically references subsection (c) of section 362, which states, in limited portion:

> (c) Except as provided in subsections (d), (e), (f) and (h) of this section—

Clearly, the terms of (c) specifically exempt subsection (h) from its reach. Since subsection (h) is excluded from the reach of subsection (c), and subsection (c) is the only subsection covered by comfort orders in subsection (j), subsection (j) cannot provide the basis for a court's authorization of a comfort order under 11 U.S.C. §362(h). *See also* In re Woods, No. 06-40458 (Bankr. E.D. Mich. filed April 27, 2006). Stated another way: comfort orders are only authorized for situations arising under 11 U.S.C. § 362(c).

The limitation of comfort orders under subsection (j) to matters involving subsection (c) makes sense. Subsection (c) worked significant changes to the automatic stay provisions. Based on the number of previous filings, and the time frame of those filings, a debtor may only be entitled to the protection of the automatic stay for thirty days – or less. Additionally, subsection (c) provides that a debtor can request the imposition, or extension, of the stay. The result is an automatic stay labyrinth. It is not difficult to understand why a comfort order is desirable under subsection (c).

Subsection (h), on the other hand, is more straightforward. Unlike (c), (h) is not an open field infested with hidden land mines. If the statement of intention has not been filed, a creditor merely needs to know the date the statement was due. If a statement of intention has been filed, the creditor merely needs to ascertain the date by which debtor's intention must be fulfilled. Once a debtor has not timely performed his obligations, the automatic stay automatically terminates.

## CONCLUSION

Although a creditor may find a comfort order to be desirable, and cheaper than

filing a motion for relief from stay, the legislature only authorized 11 U.S.C. § 362(j) comfort orders in limited situations, specifically in situation set forth in section 362(c). Since movant's motion relies on section 362(h), and not 362(c), the provision allowing for a comfort order is inapplicable.

An order in accordance with this opinion shall be issued immediately.

/s/ Russ Kendig
---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE     AUG 3 - 2006

**Service List**:

Robert D. McIntosh
801 West Jefferson St.
Louisville, KY 40202

Deborah L. Mack
P.O. Box 486
34 South Park Building
Mansfield, OH 44901

Josiah L. Mason
153 W. Main St.
P.O. Box 345
Ashland, OH 44805-2219

John Francis Ermi and Patricia Ann Ermi
323 Bauer Ave.
Crestline, OH 44827